UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:17cv62424

CANDICE PATTI,

    Plaintiff,

v.

MEDICAL DATA SYSTEMS, INC.,
d/b/a MEDICAL REVENUE SERVICE,

    Defendant.
_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW, Defendant, MEDICAL DATA SYSTEMS, INC. d/b/a MEDICAL REVENUE SERVICE, ("Defendant"), by and through its undersigned counsel, and hereby responds to Plaintiff's, CANDICE PATTI ("Plaintiff"), Class Action Complaint as follows:

### INTRODUCTION

1. Admitted to the extent that the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* and the cited cases speak for themselves Otherwise, denied.

2. Admitted to the extent that the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* and the cited cases speak for themselves Otherwise, denied.

3. Denied.

### JURISDICTION AND VENUE

4. Admitted for jurisdiction purposes only. Otherwise, denied.

5. Admitted for jurisdiction purposes only. Otherwise, denied.

6. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

**DEMAND FOR JURY TRIAL**

7. Defendant admits Plaintiff seeks a trial by jury and that the cited cases speak for themselves. Otherwise, Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

**PARTIES**

8. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

9. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

10. Admitted that Defendant is a Florida corporation with a principal place of business located at Vero Beach, Florida.

11. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant admits that it engages in interstate commerce by regularly using telephone and mail in the collection of debts and is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

12. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant admits that it is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

**FACTUAL ALLEGATIONS**

13. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

14. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

15. Defendant admits to the extent that the registration with the Florida Office of Financial Regulation speaks for itself, otherwise, denied.

16. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant admits that it is sometimes considered a "debt collector" under the FDCPA. Otherwise, Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

17. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

18. Admitted to the extent that Plaintiff's Exhibit "A" speaks for itself. Otherwise, denied.

19. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Class Action Complaint, therefore denied.

20. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

21. Admitted to the extent that Plaintiff's Exhibit "A" speaks for itself. Otherwise, denied.

22. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Class Action Complaint, therefore denied.

## CLASS ACTION ALLEGATIONS

23. Defendant is without sufficient knowledge to determine the veracity of the allegations contained in this paragraph and, therefore, denies and demands strict proof thereof.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT I: 15 U.S.C. § 1692e(11)

35. Defendant re-alleges and re-incorporates the preceding paragraphs as if fully restated herein.

36. Admitted to the extent that the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* and the cited cases speak for themselves Otherwise, denied.

37. This paragraph of calls for a legal conclusion to be drawn by Defendant, as such, no response is required hereto. To the extent a response is required, Defendant is without sufficient knowledge to admit or deny the allegation contained in this paragraph of Plaintiff's Class Action Complaint, therefore denied.

38. Denied.

39. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts, without admitting any liability whatsoever, that Plaintiff lacks standing as he has suffered no injury-in-fact as the result of any act or omission by Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that any violation of state or federal law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that with regard to any injunctive relief sought by Plaintiff, such claims are barred because Plaintiff has an adequate remedy at law.

### FOURTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations found in the FDCPA.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that any violation of the law or damage suffered by Plaintiff was due to the affirmative actions and/or omissions of Plaintiff and/or others, and does not give rise to any claim of damages against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Defendants assert, without admitting any liability whatsoever, that Plaintiff has suffered no damages as a result of any acts or omissions of Defendant.

### JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant, respectfully requests this Court to DISMISS Plaintiff's claims with prejudice and for any such other relief as this court deems just and proper.

Respectfully submitted by:

/s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
/s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080